## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| CINDY ZURAKOV, Individually and on Behalf of All Others Similarly Situated, | Case No.: 20-cv-830 |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| v. | |
| | **Jury Trial Demanded** |
| CREDIT BUREAU COLLECTION SERVICES, INC., d/b/a CBCS, | |
| Defendant. | |

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.      Plaintiff Cindy Zurakov (f.k.a. Cindy Alexander) is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5.     Defendant Credit Bureau Collection Services, Inc. d/b/a CBCS ("CBCS") is a foreign limited liability company with its primary offices located at 55 Beattie Place, Greenville, SC 29601.

6.     CBCS does substantial business in Wisconsin and has designated its registered agent in Wisconsin for the service of process as Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

7.     CBCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.     CBCS is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

9.     Defendant is licensed as a "Collection Agency" by the Division of Banking in the Wisconsin Department of Financial Institutions pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

10.     CBCS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

11.     On or around March 11, 2020, CBCS mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "CREDIT FIRST NATIONAL ASSOC." A copy of this letter is attached to this complaint as Exhibit A.

12.     Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a credit card, which was used only for personal, family, and household purposes.

13.     Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

2

14.     Upon information and belief, <u>Exhibit A</u> is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

15.     Upon information and belief, <u>Exhibit A</u> was the first written communication CBCS mailed to Plaintiff regarding the alleged debt referenced in <u>Exhibit A</u>.

16.     <u>Exhibit A</u> contains the statutory debt validation notice that the FDCPA, 15 U.S.C. § 1692g, requires the debt collector mail the alleged debtor along with, or within five days of, the initial communication:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

17.     <u>Exhibit A</u> also includes the following representation:

When you provide a check as payment, you authorize CBCS either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

18.     The statement "When you provide a check as payment .... Funds may be withdrawn for your account as soon as the same day we receive your payment," however, is false, deceptive, and misleading to an unsophisticated consumer.

19.     An unsophisticated consumer would understand the statement that funds may be withdrawn "as soon as the same day we receive your payment" to apply to post-dated checks, and would think that Defendant was reserving the right to process a postdated check irrespective of the postdate.

20.     It is reasonable for an unsophisticated consumer to understand that a check processed as an "electronic fund transfer" would occur as soon as the date the payment instrument was received irrespective of postdating.  Indeed, Wis. Stat. § 404.401(3) states that a customer

3

should give her bank notice that she is issuing a post-dated check or risk the possibility that the bank will charge the payment against her account before the date of the check:

> A bank may charge against the account of a customer a check that is otherwise properly payable from the account, even though payment was made before the date of the check, unless the customer has given notice to the bank of the postdating describing the check with reasonable certainty. The notice is effective for the period stated in s. 404.403 (2) for stop-payment orders, and must be received at such time and in such manner as to afford the bank a reasonable opportunity to act on it before the bank takes any action with respect to the check described in s. 404.303. If a bank charges against the account of a customer a check before the date stated in the notice of postdating, the bank is liable for damages for the loss resulting from its act. The loss may include damages for dishonor of subsequent items under s. 404.402.

21.    The representation that Defendant may process postdated checks on the date of receipt is false.   The FDCPA expressly prohibits "depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument."  15 U.S.C. § 1692f(4).

22.    Plaintiff was confused and misled by Exhibit A.

23.    The unsophisticated consumer would be confused and misled by Exhibit A.

### *The FDCPA*

24.    The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a

4

concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to

encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

25.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

26.     15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27.     15 U.S.C. § 1692e(5) specifically prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

28.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

29.     15 U.S.C. § 1692f generally prohibits any "unfair or unconscionable means to collect or attempt to collect any debt."

30.     15 U.S.C. § 1692f(4) specifically prohibits any "depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument."

### The WCA

31.     The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

32.     The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

33.     To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

34.     "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

35.     To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

36.     The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats.

7

§§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

37.     Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

38.     Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

39.     Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer ... in such a manner as can reasonably be expected to threaten or harass the customer."

40.     Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …."

41.     Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

42.     Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

43.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

8

44.     An unsophisticated consumer would understand the check-processing language in Exhibit A to mean that Defendant was claiming a right to process post-dated checks on the date of receipt rather than on the date of the check.

45.     Exhibit A is false, deceptive, misleading, confusing, and unfair to the unsophisticated consumer.

46.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(4).

## COUNT II – WCA

47.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

48.     An unsophisticated consumer would understand the check-processing language in Exhibit A to mean that Defendant was claiming a right to process post-dated checks on the date of receipt rather than on the date of the check.

49.     Exhibit A is false, deceptive, misleading, confusing, and unfair to the unsophisticated consumer.

50.     Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## CLASS ALLEGATIONS

51.     Plaintiff brings this action on behalf of a Class, consisting of:

(a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between June 3, 2019 and June 3, 2020, inclusive, (e) that was not returned by the postal service.

52.     The Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of the Class.

9

53.     There are questions of law and fact common to the members of the class, which

common questions predominate over any questions that affect only individual class members.  The

predominant common question is whether the Defendant complied with the FDCPA and the WCA.

54.     Plaintiff's claims are typical of the claims of the Class members.  All are based on

the same factual and legal theories.

55.     Plaintiff will fairly and adequately represent the interests of the Class members.

Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

56.     A class action is superior to other alternative methods of adjudicating this dispute.

Individual cases are not economically feasible.

## JURY DEMAND

57.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  June 3, 2020

                                            **ADEMI & O'REILLY, LLP**
                              By:     /s/ Mark A. Eldridge
                                            John D. Blythin (SBN 1046105)
                                            Mark A. Eldridge (SBN 1089944)
                                            Jesse Fruchter (SBN 1097673)
                                            Ben J. Slatky (SBN 1106892)
                                            3620 East Layton Avenue
                                            Cudahy, WI 53110

10

(414) 482-8000 | (414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

11